

FILED

11 JUN 30 PM 2:19

CLERK ... ....; COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

PHYLLIS J ALLEY,
 Plaintiff

v.

Civil Action No. 8:11-CV-1452-T-33TGW

LES CHATEAUX CONDOMINIUM
ASSOCIATION, INC, AND
HOLIDAY ISLES PROPERTY
MANAGEMENT, INC., AND THE
CONTINENTAL GROUP, INC.,
Defendants

## COMPLAINT FOR DECLARATORY JUDGMENT, DAMAGES, TEMPORARY AND PERMANENT INJUNCTIVE RELIEF SOUGHT

### I. Nature of the Action

Plaintiff, Phyllis J. Alley, files this complaint and alleges as follows:

1.    This is an action for declaratory judgment, temporary and permanent injunctive

relief, and damages for discrimination in the sale, terms, and conditions of housing

on the basis of failure to provide a reasonable accommodation based on handicap.

2.    This action arises under the Fair Housing Act of 1968, as amended, 42 U.S.C.

§§3604(c), 3604(f)(1)(A), and 3604(f)(3)(b), 24CFR §§100.70, 100.75, 100.204;

§504 of the Rehabilitation Act of 1973, the Florida Fair Housing Act, §760.23, Fla.

Stat. (2009), Chapter 70, Pinellas County Code, and FRCP Rule 57 and FRCP Rule

65.

-1-



## II. Jurisdiction and Venue

3.  Jurisdiction is conferred on this court by 42 U.S.C. §§3612 and 3613, and by 28 U.S.C. §§1331, 1337, 1343(4), and 2201. The amount in controversy exceeds $10,000.00 exclusive of interest and costs.

4.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391 in that the claim arose in the Middle District of Florida and the defendants conduct business in the Middle District of Florida.

## III. Parties

5.  Plaintiff, Phyllis J. Alley, (hereinafter "Plaintiff" or "Alley"), has a handicap within the meaning of the Federal Fair Housing Act. 42 U.S.C. §§(h), of §760.22(7) Fla. Stat. (2006), and of Chapter 70, Pinellas County Code.

6.  At all times material hereto Plaintiff has suffered, and continues to suffer, from a paralyzed diaphragm and a thyroid disorder, for which she has sought and continues to seek medical care and treatment. These conditions impede her ability to walk significant distances without acute shortness of breath. She uses an Advair inhaler daily and has qualified for and uses a Disabled Parking Permit.

7.  As a result of her paralyzed diaphragm and thyroid disorder, Plaintiff is unable to perform daily household tasks and engage in significant normal daily life activities.

8.  Diaphragm paralysis is a bona-fide disability within the intent and meaning of the Fair Housing Act which substantially limits one or more of Plaintiff's significant daily life activities.

-2-

9.      Plaintiff is and was at all times material hereto qualified as a member of a protected class as defined by the Federal Fair Housing Act., 42 U.S.C. § 3602(h), et seq.; §760.22(7) Fla. Stat. (2006) and Chapter 70, Pinellas County Code as a person one or more of whose significant daily activities are impaired.

10.     Plaintiff is a resident of the United States who owns residential property in Pinellas County, Florida and has been, and continues to be, adversely affected by the discriminatory acts, practices, and policies of the defendants and/or their agents as set forth below.

11.     Defendant Les Chateaux Condominium Association, Inc. (hereinafter "Les Chateaux"), is and was at all times material hereto, a not for profit corporation registered pursuant to the laws of the state of Florida doing business as a condominium association, statutorily created for the purpose of operation privately owned residential housing as described in the declaration of condominium thereof.

12.     Defendant Les Chateaux is located at 6945 Place De La Paix, South Pasadena, Pinellas County, Florida.

13.     Defendant Les Chateaux is subject to the requirements of the federal and Florida Fair Housing Acts and the Pinellas County Code.

14.     At all times material hereto, Defendant, Les Chateaux, was as a corporate entity responsible under Florida Statutes Chapter 718 and the Declaration of Condominium for the establishment, creation, and enforcement of the restrictions therein, including the requirements of the federal and Florida Fair Housing Acts and the Pinellas

County Code.

15.   At times material hereto, Defendant, Holiday Isles Property Management, Inc., did contract with Defendant Les Chateaux, to perform property management and has a statutorily imposed fiduciary relationship with Defendant Les Chateaux to enforce restrictions contained in the condominium documents and otherwise to manage the property in accordance with the law including the Fair Housing Act.

16.   That Defendant, Holiday Isles Property Management, Inc., has a duty to ensure that its employees and agents are properly trained and that policies are implemented to comply fully with the requirements of the federal and Florida Fair Housing Acts and the Pinellas County Code as amended.

17.   Defendant Holiday Isles Property Management, Inc. is no longer the property manager over Les Chateaux.   The Continental Group, Inc. assumed that duty subsequent to the initial act of ongoing discrimination, and is the current property management company for Les Chateaux.

18.   At times material hereto, Defendant, The Continental Group, Inc., did contract with Defendant Les Chateaux, to perform property management and has a statutorily imposed fiduciary relationship with Defendant Les Chateaux to enforce restrictions contained in the condominium documents and otherwise to manage the property in accordance with the law including the Fair Housing Act.

19.   That Defendant, The Continental Group, Inc. has a duty to ensure that its employees and agents are properly trained and that policies are implemented to comply fully

with the requirements of the federal and Florida Fair Housing Acts and the Pinellas County Code as amended.

20. That the above named Defendants have denied, and or failed to grant, the reasonable accommodation which has been requested by the Plaintiff and have jointly and through individual actions of the aforementioned corporations and or omissions violated and continue to violate the Fair Housing Act as amended, and have caused and continue to cause damages by making demands that the Plaintiff remove her golf cart from the property operated by the Defendants.

### IV. Statement of Facts

21. At all times material and relevant hereto Plaintiff has suffered, and continues to suffer, from a paralyzed diaphragm and a thyroid disorder, for which she has sought and continues to seek medical care and treatment.

22. These conditions impede her ability to walk significant distances without acute shortness of breath.

23. Plaintiff has qualified for and uses a State of Florida issued Disabled Parking Permit, a fact well-known to Defendants.

24. As a result of her paralyzed diaphragm and thyroid disorder, Plaintiff is unable to perform daily household tasks and engage in significant normal daily activities.

25. Les Chateaux Condominiums is a multi-acre complex whose facilities, including parking areas and laundry room, are located at a significant distance from each other and from the elevator providing access to Plaintiff's condominium unit.

-5-

26.    Plaintiff's condition was diagnosed in 2003 in Ohio.

27.    Plaintiff obtained a golf cart to enable her to get from place to place in her residential community more easily while living in Ohio.

28.    Plaintiff and her husband, James H. Alley, decided to relocate to Florida in 2004 at her doctor's recommendation.

29.    In or about February, 2004, Plaintiff and her husband entered into a contract for purchase of a condominium located at 6945 Place De La Paix, South Pasadena, Pinellas County, Florida, also known as, Les Chateaux Condominiums, where they resided until Defendants forced Plaintiff to relocate under threat of removal of her golf cart.

30.    The condominium unit constitutes a "dwelling" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

31.    As a requirement of purchasing a condominium unit at the property, subject to operational control by the Defendants, Plaintiff was required to undergo an "interview" with members of the Defendant Board of the Condominium Association to determine Plaintiff's eligibility and suitability for residence at Les Chateaux Condominiums.

32.    During this interview, conducted by Jackie Brown, then President of the Board of Directors, and another Board member, Nick Graziani, Plaintiff stated that she would need to use a golf cart at Les Chateaux because of a health problem.

33.    At the time of the interview, Jackie Brown, acting on behalf of the Board gave her

approval for Plaintiff to use a golf cart at Les Chateaux and advised her to obtain a doctor's note.

34.   Prior to relocating permanently from Ohio with her golf cart, Plaintiff obtained a Doctor's Note from her treating physician. See Plaintiff's Exhibit 1 attached hereto and incorporated herein by reference.

35.   Plaintiff and her husband relocated permanently from Ohio in approximately January, 2005.

36.   Plaintiff began using her golf cart at Les Chateaux to assist her in performing normal daily tasks shortly thereafter.

37.   Plaintiff's condition was ameliorated by the golf cart, which enabled her to have greater use and enjoyment of her premises at Les Chateaux.

38.   Plaintiff used her golf cart at Les Chateaux without complaint or incident until approximately October 12, 2008, when she received a letter from, Charles Bryan, newly-elected President of the Board of Directors, demanding more recent medical documentation or the removal of her golf cart. A copy of said letter is attached hereto and incorporated by reference herein as Plaintiff's Exhibit 2.

39.   Following receipt of said letter, Plaintiff became the victim of reproach, harassment, and threats from the Defendant members of the board.

40.   Despite the lack of any rule or regulation in the Condominium's governing documents prohibiting the use of a golf cart on the premises, Plaintiff obtained and submitted further medical documentation from her treating physician. A copy of the

doctor's statement, dated October 22, 2008, is attached and incorporated herein by reference as Plaintiff's Exhibit 3.

41. Defendants continued and have continued to harass Plaintiff because of her disability and her use of a golf cart to move about the premises of Les Chateaux Condominiums and have improperly continued to demand further medical documentation, either directly and/or through counsel.

42. Defendants failed to grant Plaintiff's request for a reasonable accommodation to use a golf cart and or to allow her to use her golf cart, even though use of a golf cart was not and is not prohibited by the rules and regulations of the condominium association.

43. Defendants failed to respond to Plaintiff's request for a reasonable accommodation, i.e. to use a golf cart, thereby effectively denying the request.

44. On January 5, 2009, Plaintiff timely filed a complaint with the Pinellas County Office of Human Rights, an agency substantially equivalent to the Department of Housing and Urban Development, charged with the duty and power to investigate complaints of housing discrimination, alleging discrimination based on handicap and or disability.

45. The complaint alleges, that Plaintiff was discriminated against due to her disability, and that she provided several doctors' statements that she needed a golf cart.

46. The complaint further alleges that after providing the required documentation, the association failed to allow her the use of the golf cart as a reasonable accommodation

for her disability.

47.     On May 18, 2009, after an investigation into all aspects of the case, Pinellas County
        Office of Human Rights issued a Determination of Reasonable Cause and Charge of
        Discrimination against Defendants, alleging a violation of the Federal Fair Housing
        Act, 42 U.S.C. §3604(f)(3)(B), and Chapter 760 of the Florida Statutes on the basis
        of handicap or disability.  A copy of said determination is attached hereto and
        incorporated herein by reference as Plaintiff's Exhibit 4.

48.     The Determination of Reasonable Cause further concluded that Plaintiff suffers from
        a disability as defined by the Federal Fair Housing Act, based on Howard v. City of
        Beaver Creek, 108 F.Supp.2d 866 (S.D. Ohio 2000).

49.     Plaintiff has retained Gulfcoast Legal Services, Inc. to represent her in these
        proceedings.

**COUNT I: DECLARATORY AND INJUNCTIVE RELIEF**

50.     Plaintiff restates and realleges paragraphs 1 through 49 as if fully stated herein.

51.     This is an action for declaratory and injunctive relief pursuant to FRCP Rule 57 and
        FRCP Rule 65.

52.     The failure and refusal of defendants to grant Plaintiff's request for a reasonable
        accommodation violates the Federal Fair Housing Acts and the Pinellas County
        Code.

53.     Plaintiff has been and will continue to be deprived by the Defendants of her right to
        the reasonable accommodation of a golf cart for which she has a doctor's statement.

54. Plaintiff was forced to secure substantially similar housing where she would be allowed to keep her golf cart during the pendency of the action or the cart would not be required. However, Plaintiff has been forced to undergo serious financial hardship to accomplish this.

55. Plaintiff and her husband have been forced to undergo additional substantial expense to maintain two separate dwellings due to the discriminatory and illegal conditions Defendants have created.

56. Plaintiff and her husband were forced to relocate to avoid the dangerous and illegal conditions created by Defendants and wish to return to their home.

57. As a result of the unlawful actions of the Defendants, as set out above, Plaintiff has suffered and will continue to suffer irreparable harm for which monetary compensation is inadequate.

58. Plaintiff has a clear legal right to the use of her golf cart and or a reasonable accommodation to allow her to reside at Les Chateaux Condominiums and to use her medically prescribed golf cart pursuant to the Federal and Florida Fair Housing Acts and the Pinellas County Code.

59. There is a substantial likelihood that Plaintiff will prevail on the merits of her claim.

60. There is no adequate remedy at law that would grant to Plaintiff her right to reside at Les Chateaux Condominiums, and to use her medically prescribed golf cart as a reasonable accommodation for her disability, in a timely manner and which would avoid the immediate irreparable harm which Plaintiff has suffered and will continue

-10-

to suffer.

## COUNT II: DAMAGES FOR VIOLATION OF THE FAIR HOUSING ACT

61. Plaintiff restates those allegations of paragraphs 1 through 60 as if fully stated herein.

62. Defendant, Les Chateaux Condominiums, Inc., has knowingly and maliciously violated federal law, 42 U.S.C. §§3604©, 3604(f)(1)(A), and 3604(f)(3)(b), 24CFR §§100.70, 100.75, 100.204; §504 of the Rehabilitation Act of 1973, the Florida Fair Housing Act, §760.23, Fla. Stat. (2009), by failing and refusing to allow Plaintiff to use a golf cart and or make reasonable accommodations for Plaintiff who is a qualified individual with a disability under the definition of the Federal and Florida Fair Housing Acts and the Pinellas County Code.

63. Defendant Les Chateaux Condominiums, Inc., has unlawfully failed and refused to allow Plaintiff to use a golf cart and/or grant Plaintiff's request for the reasonable accommodation of a golf cart, in violation of the federal Fair Housing Act, the Florida Fair Housing Act, and the Pinellas County Code.

64. Defendant Les Chateaux Condominiums, Inc., and or its directors, have an affirmative duty to make reasonable accommodations for individuals with disabilities.

65. Defendant Les Chateaux Condominiums, Inc., has knowingly and maliciously violated federal law 42 U.S.C. §§3604(c), 3604(f)(1)(A), and 3604(f)(3)(b), 24CFR §§100.70, 100.75, 100.204; §504 of the Rehabilitation Act of 1973, the Florida Fair Housing Act, §760.23, Fla. Stat. (2009), by failing and refusing to allow Plaintiff to

use a golf cart on the premises without threat or interference and or to make reasonable accommodations for Plaintiff who is a qualified individual with a disability under the definition of the Federal and Florida Fair Housing Acts.

66.   Defendant, Holiday Isles Property Management, Inc., breached its duty to Plaintiff by failing to ensure that Defendant, Les Chateaux Condominiums, Inc., and its officers and directors properly enforced both their rules and regulations and federal law 42 U.S.C. §§3604(c), 3604(f)(1)(A), and 3604(f)(3)(b), 24CFR §§100.70, 100.75, 100.204; §504 of the Rehabilitation Act of 1973, the Florida Fair Housing Act, §760.23, Fla. Stat. (2009), by failing and refusing to allow Plaintiff to use her medically prescribed golf cart on the premises and or to make a reasonable accommodations for Plaintiff who is a qualified individual with a disability under the definition of the Federal and Florida Fair Housing Acts, and the Pinellas County Code.

67.   Defendant, The Continental Group, Inc., breached its duty to Plaintiff by failing to ensure that Defendant, Les Chateaux Condominiums, Inc., and its officers and directors properly enforced both their rules and regulations and federal law 42 U.S.C. §§3604(c), 3604(f)(1)(A), and 3604(f)(3)(b), 24CFR §§100.70, 100.75, 100.204; §504 of the Rehabilitation Act of 1973, the Florida Fair Housing Act, §760.23, Fla. Stat. (2009), by failing and refusing to allow Plaintiff to use her medically prescribed golf cart on the premises and or to make a reasonable accommodations for Plaintiff who is a qualified individual with a disability under the definition of the Federal and

Florida Fair Housing Acts, and the Pinellas County Code

68.    The foregoing collective acts of Defendants have caused Plaintiff to suffer grievous harm and damages, including but not limited to, monetary damages, personal humiliation, loss of opportunity, mental and emotional anguish, and pain and suffering.

## COUNT III: DAMAGES FOR RETALIATION

69.    Plaintiff restates and realleges paragraphs 1 through 68 as if fully stated herein.

70.    On or about February 6, 2010 Defendant, Les Chateaux Condominiums, Inc., and or its directors, using the name "Condo Helpers" to hide its true identity, sent a letter to several current residents of Les Chateaux Condominiums, criticizing, maligning, and slandering the Plaintiff and her husband.  A copy of the letter is attached hereto as Plaintiff's Exhibit 5.

71.    Said letter specifically refers to the complaint filed by the Plaintiff, Phyllis J. Alley, which alleged a violation of the Fair Housing Act, mistakenly referring to the complaint as a "lawsuit".

72.    Filing a complaint alleging a violation of the Fair Housing Act is an activity protected by the federal and state Fair Housing Acts, and the Pinellas County Code.

73.    Retaliating against an individual for filing a complaint alleging housing discrimination is a violation of the federal and state Fair Housing Acts and the Pinellas County Code.

74.    The retaliation against Plaintiff by the sending of the letter referenced above has

caused damage to the Plaintiff, including but not limited to monetary damages, damages for intentional infliction of emotional and mental distress, personal humiliation, loss of opportunities, and pain and suffering.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff, Phyllis J. Alley, respectfully requests that this Court:

1.   Declare that Defendants have unlawfully refused to allow Plaintiff to use a golf cart on the premises of Les Chateaux Condominiums, Inc., and or have denied Plaintiff's request for reasonable accommodation of a golf cart.

2.   Declare that Defendants have unlawfully discriminated against Plaintiff by failing and refusing to make reasonable accommodations for her disability, and enter a temporary and permanent injunction requiring Defendants to make reasonable accommodations for Plaintiff's disability by allowing her to use a golf cart upon her return to her dwelling at Les Chateaux Condominiums, Inc.

3.   Declare that Defendants have unlawfully discriminated against Plaintiff by failing and refusing to make reasonable accommodations for her disability, and enter a preliminary and permanent injunction requiring Defendants to make reasonable accommodations for Plaintiff's disability by allowing her to use her golf cart upon her return to her dwelling without further threats or interference.

4.   Enjoin Defendants from engaging in discriminatory conduct based on the disability of any resident in the future.

5.   Order Defendants to pay damages to Plaintiff for violation of the federal and state

Fair Housing Acts, and the Pinellas County Code.

6.    Order Defendants to pay damages to Plaintiff for retaliating against her after she filed

a complaint about the violation of the Fair Housing Act.

7.    Order Defendants, individually and collectively, to pay punitive damages to the

Plaintiff.

8.    Order Defendants to pay the cost of this action, including attorney's fees, pursuant

to chapter 760, Fla. Stat. (2006) and 42 U.S.C.§3613(c)(2).

9.    Grant to Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

John R. Borland, Esq.
FBN: 21450
Attorneys for Plaintiff - Trial Counsel
Gulfcoast Legal Services, Inc.
314 S. Missouri Ave., Suite 109
Clearwater, Florida 33756
Tele: (727) 443-0657
Fax: (727)-461-9160
E-Mail: johnb@gulfcoastlegal.org

s/ John P. Cunningham
John P. Cunningham, Esq.
FBN: 0279481
Attorneys for Plaintiff
Gulfcoast Legal Services, Inc.
641 First Street South
St. Petersburg, Florida 33701
Tele: (727) 821-0726
Fax: ( 727) 821-3340
E-Mail: johnc@gulfcoastlegal.org

John R. Borland, Esq.
Gulfcoast Legal Services, Inc.
314 S. Missouri Ave., Suite 109
Clearwater, Florida 33756
Tele: (727) 443-0657
Fax: (727)-461-9160
E-Mail: johnb@gulfcoastlegal.org

Garry R. Moore, Esq.
Gulfcoast Legal Services, Inc.
314 S. Missouri Ave., Suite 109
Clearwater, Florida 33756
Tele: (727) 443-0657
Fax: (727)-461-9160
E-Mail: garrym@gulfcoastlegal.org

John P. Cunningham, Esq.
Gulfcoast Legal Services, Inc.
641 First Street South
St. Petersburg, Florida 33701
Tele: (727) 821-0726
Fax: ( 727) 821-3340
E-Mail: johnc@gulfcoastlegal.org