```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

PHYLLIS J. ALLEY,

       Plaintiff,
v.
                          Case No.  8:11-cv-1452-T-33TGW

LES CHATEAUX CONDOMINIUM
ASSOCIATION, INC., et al.,

       Defendants.
                              /

## ORDER

This matter comes before the Court pursuant to Defendants' Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment, Damages, Temporary and Permanent Injunctive Relief Sought (Doc. # 11), which was filed on August 16, 2011. Plaintiff filed a response in opposition on September 13, 2011. (Doc. # 16). For the reasons that follow, the Court denies the motion.

**I.   Legal Standard**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994)(quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). On a motion to dismiss, this Court accepts as true all the

allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

In Bell Atlantic Corp. v. Twombly, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

On a motion to dismiss, the Court limits its consideration to the pleadings and exhibits attached thereto. GSW, Inc. v. Long Cnty., Ga., 999 F.2d 1508, 1510 (11th Cir.

1993). However, "the Eleventh Circuit has held that when considering a Rule 12(b)(6) motion to dismiss, a court may take judicial notice of the public record, without converting the motion to dismiss to a motion for summary judgment." Martin K. Eby Const. Co., Inc. v. Jacobs Civil, Inc., No. 3:05-cv-394-J-32TEM, 2006 WL 1881359, at *1 (M.D. Fla. July 6, 2006); see Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1279-80 (11th Cir. 1999). This is because such documents are capable of accurate and ready determination. Martin K. Eby Const. Co., 2006 WL 1881359, at *1 (citing Makro Capital of America, Inc. v. UBS AG, 372 F. Supp. 2d 623, 627 (S.D. Fla. 2005)). Thus, the Court may review documents filed in other judicial proceedings for the limited purpose of recognizing the "judicial act" taken or the subject matter of the litigation and issues decided, without converting the motion to dismiss to a motion for summary judgment. Id. (citing Young v. City of Augusta, Ga., 59 F.3d 1160, 1166 n.11 (11th Cir. 1995)). Furthermore, the Court may consider the record in previous cases to clarify the meaning of court orders. Id. (citing Wagner v. Daewood Heavy Indus. Am. Corp., 289 F.3d 1268, 1274 n.7 (11th Cir. 1995)).

Accordingly, this Court takes judicial notice of Alley v. Les Chateaux Condominium Ass'n, Inc., et al., No. 8:10-cv-760-

T-33TGW, United States District Court, Middle District of Florida, Tampa Division (the "Prior Action") and its record.

## II. Background and Procedural History

Plaintiff filed her Complaint for Declaratory Judgment, Damages, Temporary and Permanent Injunctive Relief Sought in the Prior Action on March 31, 2010. (Prior Action, Doc. # 1). The complaint named Les Chateaux Condominium Association, Inc. and Holiday Isles Property Management, Inc. as defendants, along with several individual condominium board members. Id. The case was presided over by this Court.

Following Plaintiff's failure to file a Case Management Report within the time prescribed by Local Rule 3.05, this Court entered an Order on October 26, 2010, directing Plaintiff to show cause why the action should not be dismissed for lack of prosecution pursuant to Local Rule 3.10. (Prior Action, Doc. # 24). Plaintiff's response to the Show Cause Order was due on November 9, 2010. Id. However, Plaintiff did not file a response by the prescribed deadline, nor in the three months following. Accordingly, on February 2, 2011, this Court entered an Order dismissing the Prior Action pursuant to Local Rule 3.10 for lack of prosecution due to the non-filing of a Case Management Report. (Prior Action, Doc. # 28).

On June 30, 2011, Plaintiff filed her Complaint for Declaratory Judgment, Damages, Temporary and Permanent Injunctive Relief Sought in the present action. (Doc. # 1). The complaint names Les Chateaux Condominium Association, Inc., Holiday Isles Property Management, Inc., and The Continental Group, Inc. as defendants. Id.  On August 16, 2011, Defendants filed a motion to dismiss the complaint, arguing that the dismissal of the Prior Action serves to bar the present action under the doctrine of res judicata. (Doc. # 11).

### III. Analysis

In their motion to dismiss, Defendants argue that Plaintiff's complaint should be dismissed because the Court's dismissal of the Prior Action served as an adjudication on the merits, thus barring Plaintiff from bringing the present action pursuant to the doctrine of res judicata. (Doc. # 11 at 3).

Res judicata, also known as "claim preclusion," prohibits re-litigation of matters decided in prior proceedings when four conditions are met: (1) the prior decision was rendered by a court of competent jurisdiction, (2) there was a final judgment on the merits, (3) the parties were identical in both suits, and (4) the prior and present causes of action are the

same. Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1501 (11th Cir. 1990). The parties essentially agree that the first, third, and fourth elements are satisfied.[1] Thus, the Court must determine whether its dismissal of the Prior Action constitutes a final judgment or adjudication on the merits.

This Court dismissed the Prior Action for lack of prosecution pursuant to Local Rule 3.10, due to the non-filing of a Case Management Report within the time prescribed by the Local Rules. Defendants assert that "[d]espite the fact that Local Rule 3.10 does not specify," the Court's dismissal was pursuant to Federal Rule of Civil Procedure 41(b), and that, absent any statement by the Court to the contrary, the dismissal operates as an adjudication on the merits, as provided by Rule 41(b). (Doc. # 11 at 5).

Rule 41(b) authorizes a district court, "on defendant's motion, to dismiss an action for failing to prosecute or to obey a court order or federal rule." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). However, Defendants did not

---

[1] The Court notes that only two of the defendants in the present action are identical to those in the Prior Action, given that Defendant The Continental Group, Inc. was not a party to the Prior Action. However, the Court need not determine whether the third element is satisfied as to The Continental Group, Inc. as the Court finds, for the reasons discussed herein, that the second element is not met as to any defendant.

6

move this Court for dismissal in the Prior Action pursuant to Rule 41(b), and this Court's Order dismissing the Prior Action makes no reference to its inherent power to dismiss under that rule.

Defendants argue that Gibbs v. Maxwell House, 738 F.2d 1153 (11th Cir. 1984), is analogous and instructive in this case. (Doc. # 11 at 5-6). In Gibbs, as in the Prior Action, the case was dismissed for lack of prosecution under Local Rule 3.10 after the plaintiff failed to comply with a court order. Gibbs, 738 F.2d at 1154. However, unlike the Prior Action, the case in Gibbs was expressly dismissed under Rule 3.10 with prejudice. Id. This Court's Order dismissing the Prior Action does not in any way reference dismissal with prejudice. Accordingly, the Court finds Gibbs inapplicable to the pertinent matter of whether a dismissal under Local Rule 3.10 that is not expressly rendered with prejudice operates as a final adjudication on the merits.

The Court instead finds the case of Universal Imports, Inc. v. Federal Express Corp., No. 8:08-cv-309-T-30TGW, 2008 WL 2952843, at *1 (M.D. Fla. July 30, 2008), to be squarely on point. In Universal Imports, as here, the plaintiff's original complaint was dismissed pursuant to Local Rule 3.10 without an express statement of whether the dismissal was with

7

or without prejudice. 2008 WL 2952843, at *2. The defendant in Universal Imports also argued that such dismissal under Local Rule 3.10 operated as an adjudication on the merits under Rule 41(b). Id. However, the court rejected the defendant's argument, ruling as follows:

> Defendant errs, however, in assuming that the district judge's order dismissing the earlier filed case relied on Rule 41(b). To the contrary, in the [show cause order], the district court informed the plaintiffs that their complaint was subject to 'dismissal under Local Rule 3.10.' When the plaintiffs failed to respond to the [show cause order], the case was dismissed, just as plaintiffs had been cautioned, under Local Rule 3.10 (M.D. Fla. 2008), not Fed. R. Civ. P. 41(b). Unlike Federal Rule 41(b), Local Rule 3.10 does not state that dismissal is an adjudication on the merits. Thus Plaintiff's complaint in the instant case is not barred by res judicata.

Id.

Based on Universal Imports, as well as the Eleventh Circuit's "strong policy of determining cases on their merits," In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003), the Court clarifies that its February 2, 2011, Order dismissed the Prior Action without prejudice, and did not operate as an adjudication on the merits. The Court finds that the doctrine of res judicata does not prevent Plaintiff from bringing the present action, and therefore denies Defendants' motion to dismiss.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment, Damages, Temporary and Permanent Injunctive Relief Sought (Doc. # 11) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 27th day of January, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel and Parties of Record